IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BENJAMIN F. WHITEMAN, | § | |
| | § | No. 501, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 30604628DI |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 4, 2017
Decided: March 10, 2017

Before **HOLLAND**, **VALIHURA**, **and VAUGHN**, Justices.

**O R D E R**

This 10th day of March 2017, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1)  In 1989, more than a quarter century ago, the appellant, Benjamin Whiteman, was sentenced to life imprisonment as a habitual offender.[1]  Since then, Whiteman has filed multiple repetitive motions arguing that his habitual offender sentence is illegal because it was imposed in an illegal manner.  This Court has affirmed the Superior Court's denial of all of Whiteman's challenges to his sentence.  In 2013, we held that Whiteman was foreclosed from asserting a

---

[1] *Whiteman v. State*, 1991 WL 12112 (Del. Jan. 11, 1991).

particular sentencing claim because our prior decisions regarding the 1989 sentence constituted the law of the case.[2] And in a decision from 2015, we stated that:

> We will not continue to invest scarce judicial resources in addressing Whiteman's repetitive and frivolous claims. In the future, any appeal or writ filed by Whiteman challenging the legality of his habitual offender sentence will be subject to involuntary dismissal without prior notice under Supreme Court Rule 29(c).[3]

(2)     This appeal is from the Superior Court's order dated September 28, 2016, denying Whiteman's sentence correction motion filed on June 20, 2016. The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Whiteman's opening brief that the appeal is without merit. We agree and affirm. Also, applying the dictates of our 2015 decision, we conclude that the appeal is subject to dismissal.

(3)     Whiteman's untimely, repetitive, and frivolous filings constitute an abuse of the judicial process. In the future, unless leave to proceed is granted by the Court, Whiteman is enjoined from proceeding in the Court on any claim related to his 1989 sentence. Any request by Whiteman to invoke the Court's appellate or original jurisdiction in any matter concerning his 1989 sentence must be

---

[2] *Whiteman v. State*, 2013 WL 5346310 (Del. Sept. 20, 2013).
[3] *Whiteman v. State*, 2015 WL 5275362 (Del. Sept. 9, 2015).

accompanied by a sworn affidavit containing the certifications required by 10 *Del. C.* § 8803(e).[4]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. Whiteman is ENJOINED under 10 *Del. C.* § 8803 and this Order from filing a future notice of appeal or extraordinary writ concerning his 1989 sentence.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[4] 10 *Del. C.* § 8803(e) provides:

When a court finds that a litigant has abused the judicial process by filing frivolous or malicious litigation, the court may enjoin that litigant from filing future claims without leave of court. When so enjoined, any future requests to file claims must be accompanied by an affidavit certifying that:

(1) The claims sought to be litigated have never been raised or disposed of before in any court;
(2) The facts alleged are true and correct;
(3) The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;
(4) The affiant has no reason to believe the claims are foreclosed by controlled law; and
(5) The affiant understands that the affidavit is made under penalty of perjury.